UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD EDWARD KASTLE, aka CHAD KASTLE,<br><br>    Petitioner,<br><br>vs.<br><br>C. NOLL,<br><br>    Respondent. | ) Case No. CV 10-0583-CAS(RC)<br>)<br>)<br>)<br>)<br>)<br>) OPINION AND ORDER ON A<br>) PETITION FOR HABEAS CORPUS<br>)<br>)<br>) |

On January 27, 2010, petitioner Chad Edward Kastle, aka Chad Kastle, a state inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254,[1] challenging his 2000

---

[1] The pending petition does not comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which requires that the petition must:

    (1) specify all the grounds for relief available to the petitioner;
    (2) state the facts supporting each ground;
    (3) state the relief requested;
    (4) be printed, typewritten, or legibly handwritten; and
    (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

28 foll. U.S.C. § 2254, Rule 2(c). However, since this is a successive petition, it would be futile to have petitioner amend it.

convictions for first degree burglary and receiving stolen property in Ventura County Superior Court case no. CR45410.

## BACKGROUND

This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the records in a prior federal habeas corpus action brought by petitioner: Kastle v. Evans, case no. CV 07-4730-SGL(RC) ("Kastle I"). The records in Kastle I show that on July 4, 2007, petitioner filed his first federal petition for writ of habeas corpus challenging his convictions and sentence in Ventura County Superior Court case no. CR45410, and on February 21, 2008, Judgment was entered denying the habeas petition as untimely. On March 10, 2008, petitioner filed a notice of appeal; however, this Court denied his request for a certificate of appealability and, on July 23, 2008, petitioner voluntarily dismissed his appeal in the Ninth Circuit Court of Appeals.

## DISCUSSION

The instant petition is governed by Section 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"), which provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

"Section 2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a

second or successive petition [. . .] unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), cert. denied, 528 U.S. 1162 (2000); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

The instant petition is a successive petition challenging petitioner's 2000 convictions. The Act "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 2339, 135 L. Ed. 2d 827 (1996); Stewart v. Martinez-Villareal, 523 U.S. 637, 641, 118 S. Ct. 1618, 1620, 140 L. Ed. 2d 849 (1998). Under this procedure, "[a]n individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." Martinez-Villareal, 523 U.S. at 641, 118 S. Ct. at 1620. Here, it plainly appears on the face of the petition that petitioner has not received authorization from the Ninth Circuit Court of Appeals for the instant petition to be brought. This Court, thus, must dismiss the instant habeas corpus petition as a successive petition for which it lacks subject matter jurisdiction under 28 U.S.C. § 2244(b)(3).

Rule 4 of the Rules Governing Section 2254 Cases in the United

1 States Courts provides that "[i]f it plainly appears from the face of
2 the petition and any attached exhibits that the petitioner is not
3 entitled to relief in the district court, the judge must dismiss the
4 petition and direct the clerk to notify the petitioner." Thus,
5 summary dismissal of the pending successive petition is warranted.

7 Additionally, the Court finds that an appeal from this Opinion
8 and Order would not be taken in good faith, and that petitioner has
9 not made a substantial showing that he has been denied a
10 constitutional right and that this Court is not correct in its
11 procedural ruling, for the reasons set forth herein, and accordingly,
12 a certificate of appealability should not issue under 28 U.S.C.
13 § 2253(c)(2) and Fed. R. App. P. 22(b). <u>Slack v. McDaniel</u>, 529 U.S.
14 473, 483, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); <u>Cooper v.
15 Calderon</u>, 308 F.3d 1020, 1021-22, n.2 (9th Cir. 2002), <u>cert. denied</u>,
16 123 S. Ct. 1793 (2003).

18 **ORDER**

19 **IT IS HEREBY ORDERED** that Judgment be entered SUMMARILY
20 DISMISSING the habeas petition and action for lack of subject matter
21 jurisdiction.

23 **IT IS FURTHER ORDERED** that a Certificate of Appealability be
24 DENIED.
25 DATE: <u>February 9, 2010</u>    _____
                                  CHRISTINA A. SNYDER
26                                UNITED STATES DISTRICT JUDGE
   PRESENTED BY:
27 DATE: <u>January 29, 2010</u>

28 /S/ ROSALYN M. CHAPMAN
       ROSALYN M. CHAPMAN
   UNITED STATES MAGISTRATE JUDGE          R&R-MDO\10-0583.mdo - 1/29/10